# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON KOZACKI,<br><br>                Plaintiff,<br>  vs.<br>NATIONAL CREDIT ADJUSTERS. LLC,<br><br>                Defendant. | CASE NO. 13cv1025-WQH-WMC<br><br>ORDER |

HAYES, Judge:

On April 30, 2013, Plaintiff Aaron Kozacki initiated this action by filing the Complaint. (ECF No. 1). On January 10, 2014, Defendant responded by filing an Answer. (ECF No. 5). On March 14, 2014, Plaintiff filed a Motion for Leave to File a First Amended Complaint, accompanied by a proposed first amended complaint. (ECF No. 15). On March 28, 2014, Defendant filed an opposition to the Motion for Leave to File a First Amended Complaint. (ECF No. 16).

## I.    Contentions of the Parties

Plaintiff contends that the motion is based on "an inadvertent omission made in drafting the original Complaint...." *Id.* at 1. Specifically, Plaintiff states that:

> ... although actual damages were listed as entitlements to Plaintiff for Defendant's violations pursuant to 15 U.S.C. § 1692k(a)(1) under the federal Fair Debt Collection Practices Act ("FDCPA") and Cal. Civ. Code

> § 1788.30(a) under the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") in the Causes of Action section of the Complaint, actual damages were not formally requested in the Prayer for Relief section of the Complaint.

*Id.* at 1-2. Plaintiff requests leave to amend the Complaint in order to "... add a more formal request for actual damages in the Prayer for Relief section of the Complaint... and [to] add further details to the previously pled events in the Complaint. Plaintiff does not wish to [add] [] additional causes of action, only to clarify the allegations for Defendant and the Court." *Id.* at 4.

Defendant contends that because Plaintiff did not accept Defendant's Rule 68 Offer of Judgment, "this Court no longer has subject matter jurisdiction over this case." *Id.* at 2. Defendant contends that "... not only should this motion be denied, but the case should be dismissed." *Id.* Defendant further contends that "Plaintiff has had nearly a year to discover the defects in his pleadings and amend his Complaint accordingly.... Notably, Plaintiff's Motion is devoid of any explanation for the delay, which Plaintiff has the burden to establish." *Id.* at 4.

Plaintiff contends in his reply brief that after receiving Defendant's Offer of Judgment, Plaintiff's counsel "discovered the error made ... in omitting a prayer for actual damages and immediately reached out to Defendant's counsel for a stipulation to amend." (ECF No. 18 at 4). Plaintiff contends that he "waited to file this motion in the hopes that the case would be resolved at the Early Neutral Evaluation." *Id.*

**II.    Discussion**

    A.    Jurisdiction

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims. Defendant has failed to make any persuasive argument as to why this Court lacks jurisdiction.

    B.    Leave to Amend

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with

1  extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  In determining whether to allow an amendment, a court considers whether there is "undue delay," "bad faith," "undue prejudice to the opposing party," or "futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Not all of the [*Foman*] factors merit equal weight....  [I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citation omitted).  "The party opposing amendment bears the burden of showing prejudice."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital*, 316 F.3d at 1052.

After review of the motion, the proposed first amended complaint, and the filings of the parties, the Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption under Rule 15(a) in favor of granting leave to amend.  *See Eminence Capital*, 316 F.3d at 1052.  The Court will defer consideration of any challenge to the merits of the proposed first amended complaint until after the amended pleading is filed.  *See Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of the challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

**III.  Conclusion**

IT IS HEREBY ORDERED that the Motion for Leave to File a First Amended Complaint is GRANTED.  (ECF No. 15).  Plaintiff shall file the proposed first amended complaint attached to the motion within ten (10) days of the date of this Order.

DATED:  May 2, 2014

**WILLIAM Q. HAYES**
United States District Judge